**KEAG FAMILY LIMITED PARTNERSHIP, Petitioner,**

v.

**INDIANA BOARD OF TAX REVIEW and Allen County Property Tax Assessment Board of Appeals, Respondents.**

**No. 49T10–0402–TA–4.**

Tax Court of Indiana.

July 26, 2004.

Publication Ordered Sept. 9, 2004.

Keag Family Limited Partnership by Gary L. Oetting, its First General Partner, Fort Wayne, for Petitioner Appearing Pro Se.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, for Respondents.

### ORDER ON PETITIONER'S MOTION TO EXTEND THE FILING DEADLINE AND RESPONDENTS' MOTION TO DISMISS

FISHER, J.

Keag Family Limited Partnership (Keag) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) assessing its real property for the 2000 and 2001 tax years. The matter is currently before the Court on Keag's motion to extend the deadline for filing the Certified Administrative Record (Record) as well as the Respondents' motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

Keag owns six parcels of land in Wayne Township, Allen County, Indiana. Keag filed six Petitions for Correction of an Error (Forms 133) challenging its land assessments for the 2000 and 2001 tax years. The Allen County Property Tax Assessment Board of Appeals (PTABOA) denied Keag's Forms 133. Keag then appealed to the Indiana Board. The Indiana Board upheld the PTABOA's denials.

On February 19, 2004, Keag initiated an original tax appeal. Keag filed the Record and a motion for extension of time to file

the Record on April 28, 2004. The Respondents subsequently filed a motion to dismiss on May 27, 2004.[1] The Court conducted a hearing on the motions on July 2, 2004. Additional facts will be provided as necessary.

### ANALYSIS AND OPINION

■ Indiana Tax Court Rule 3(E) provides that

[i]n original tax appeals [from final determinations of the Indiana Board], the petitioner shall request the Indiana Board [ ] to prepare a certified copy of the agency record within thirty (30) days after filing the petition.... The petitioner shall transmit a certified copy of the record to the Tax Court within (30) days after having received notification from the Indiana Board [ ] that the record has been prepared.

Ind. Tax Court Rule 3(E). The rule does not, however, provide the method by which the Indiana Board is to notify petitioners when the record has been prepared. Similarly, the statute governing the preparation of the certified record for judicial review contains no such provisions either. *See* IND. CODE ANN. § 6–1.1–15–6 (West Supp.2003). However, the Court finds the provisions of Trial Rule 5(B)(2) instructive: when "service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid." Ind. Trial Rule 5(B)(2). *See also* Ind. Tax Court Rule 1 (providing that the Indiana Trial Rules are applicable to actions filed in the Tax Court). Accordingly, the Indiana Board could notify Keag by

mail that the certified record was completed.

■ Generally, it is the Indiana Board's practice to mail notice, in the form of an invoice, that a record has been prepared. (*See* Aff. of Nickita Brewer at 1.) The record is then released upon payment of the invoice balance. (*See* Aff. of Nickita Brewer at Ex. B.) In this instance, because Keag did not have an outstanding balance due for the Record's preparation, and requested that the Record be mailed to its office, the notice and record were mailed at the same time on March 19, 2004.[2] (*See* Aff. of Nickita Brewer at Ex. A and Ex. D.) Thus, Keag had thirty (30) days from March 19, 2004, to file the Record. *See Carter v. Review Bd. of Indiana Dep't of Employment & Training Servs.*, 526 N.E.2d 717, 718–19 (Ind.Ct.App.1988) (stating that when an administrative agency sends notice through the regular course of mail, a rebuttable presumption arises that such notice is received), *trans. denied. See also* T.R. 5(B)(2) (providing that "[s]ervice shall be deemed complete upon mailing").

■ Keag attempts to rebut the presumption with the assertion that it was not notified until April 13, 2004, because its offices were closed from March 19, 2004, to April 13, 2004, for "vacation shutdown." (*See* Pet'r Resp. to Supp. Answer at 2.) In essence, Keag claims that because the offices were closed and mail was not opened until April 13, 2004, *that* is the date he received notice. (*See* Oral Argument Tr. at 6.) Accordingly, Keag claims it timely filed the Record on April 28, 2004 (15 days from

1. Although not captioned as such, the Respondents' "Opposition to Extension of Time to File Record and Supplement to Affirmative Defenses Previously Filed with Answer" requested that the Court dismiss Keag's petition for lack of jurisdiction. Thus, the Court construes the Respondents' response as a motion to dismiss.

2. Keag does not dispute the fact that the Indiana Board mailed the Record on March 19, 2004.

the alleged date of notice).[3] (*See* Oral Argument Tr. at 8.)

To support its claim that the office was closed, Gary Oetting, Keag's first general partner, provided a return travel itinerary indicating that he returned from a trip to the Bahamas on April 11, 2004. (*See* Pet'r Resp. to Supp. Answer at 6–7.) However, no date of departure evidence was provided to support the assertion that the office was closed beginning on Monday, March 22, 2004. Furthermore, assuming *arguendo* that the office was closed during the three-week period, Keag was still able to file the Record by April 21, 2004—the deadline pursuant to Tax Court Rule 3(E). *See* Ind. Trial Rule 6(A) and (E). Therefore, Keag failed to rebut the presumption that it received notice on March 19, 2004.

■■■ Consequently, when Keag filed the Record on April 28, 2004, it failed to comply with the procedural requirements for bringing a tax court appeal.[4] Thus, the Court does not have jurisdiction over Keag's appeal. *See Miller Vill. Props. Co., LLP v. Indiana Bd. of Tax Review,* 779 N.E.2d 986, 989–90 (Ind. Tax Ct.2002), *review denied; see also Cardiology Assocs. of N.W. Indiana, P.C. v. Collins,* 804 N.E.2d 151, 155 (Ind.Ct.App.2004) (holding that Court lacked jurisdiction over an interlocutory appeal when the parties failed to follow the proper procedure for bringing the appeal).

**Conclusion**

Accordingly, the Court DENIES Keag's motion to extend the filing deadline, and GRANTS the Respondents' motion to dismiss. The cause is now DISMISSED.

**ORDER OF PUBLICATION**

Respondents, Indiana Board of Tax Review and Allen County Property Tax Assessment Board of Appeals, by counsel, files it's Motion to Publish the Order on Petitioner's Motion to Extend the Filing Deadline and Respondents' Motion to Dismiss.

The Court, having considered the motion and being duly advised in the premises, now finds the Motion for Publication should be GRANTED and that this Court's opinion issued on July 26, 2004, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondents' Motion to Publish is granted and this Court's opinion heretofore handed down in this cause on July 26, 2004 marked "Not for Publication" is now ordered published.

3. Keag filed the motion for extension of time on the same day just to "cover[ ][the] bases." (Oral Argument Tr. at 8.)

4. Keag asserts "the Pro Se litigant is to be given widest latitude and [ ] consideration." (Pet'r Mot. to Extend Filing Deadline at 2.) The Court, however, reminds Keag that while it is preferable to decide cases on their merits, a party "who proceeds pro se is 'held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action.'" *Thacker v. Wentzel,* 797 N.E.2d 342, 345 (Ind.Ct.App. 2003) (quoting *Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.,* 789 N.E.2d 486, 487 (Ind.Ct.App.2003)).