Frank L. ENNIS, Petitioner,

v.

DEPARTMENT OF LOCAL
GOVERNMENT FINANCE,
Respondent.

No. 49T10–0504–TA–36.

Tax Court of Indiana.

Oct. 12, 2005.

Jon A. Schmaltz, Kathryn D. Schmidt, Burke Costanza & Cuppy LLP, Valparaiso, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Allen R. Morford, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PETITIONER'S MOTION FOR EVIDENTIARY HEARING

FISHER, J.

Frank L. Ennis (Ennis) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) valuing his real property for the 2002 tax year. The matter is currently before the Court on Ennis's motion for an evidentiary hearing.

### FACTS AND PROCEDURAL HISTORY

Ennis owns residential property in Lake County, Indiana. For the March 1, 2002 assessment date, the Department of Local Government Finance (DLGF) assessed Ennis's property at $337,600 (land at $213,400 and improvements at $124,200). Ennis timely filed a Petition for Review of DLGF Action for Lake County Residents (Form 139L) with the Indiana Board asserting that the DLGF's assessment was incorrect. On October 15, 2004, the Indiana Board sent Ennis notification,

through regular course of mail, that it would conduct a hearing on his appeal on November 17, 2004.

On November 17, 2004, the Indiana Board conducted its hearing on Ennis's Form 139L. Ennis did not appear at the hearing. On January 20, 2005, the Indiana Board sent Ennis an order indicating that his failure to appear at the hearing constituted the basis for its dismissal. Nevertheless, the Indiana Board's order allowed Ennis to submit, within ten days, a written request that the order be vacated and set aside. The request was to be accompanied by "supportive facts stating why [he] did not appear at the hearing and showing cause why [h]is appeal should not be dismissed." (Cert. Admin. R. at 20.) The Indiana Board indicated that, upon receipt, it *"may* vacate and set aside th[e o]rder and schedule another hearing on the appeal." (Cert. Admin. R. at 20 (emphasis in original).)

By letter dated January 26, 2005, Ennis requested that the order be set aside. More specifically, the letter stated:

1. Ennis's address is 8641 Lake Shore Drive. (*See* Cert. Admin. R. at 17.)

2. In answering Ennis's appeal, the DLGF raised the affirmative defense that this Court lacked: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. (Resp't Answer at 2.) For the following reasons, however, the Court finds that the DLGF has failed to carry its burden of proof on the matter.

"Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 138 (Ind. Tax Ct.1995) (citation omitted). A determination as to whether subject matter jurisdiction exists depends solely on "whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

Please be advised that I did not receive the Notice of Hearing ... until 12/04/04. The postage meter stamp on your envelope was dated 10/15/04, but there was not a cancellation date stamped by the USPS. There is a property in my area with a similar address to mine. It is 8641 Lakewood Avenue.[1] We have been receiving each other[']s mail for years.... I assure you that I would not have overlooked this matter due to the huge impact this outcome may have on me. I hope the information enclosed will support my position in this matter. I kindly request a new Hearing date be set at your earliest opening.

(Cert. Admin. R. at 17 (footnote added).) On February 23, 2005, the Indiana Board declined to vacate its order, and issued a final determination in which it denied Ennis's appeal on the merits due to his "failure ... to appear at the hearing and present evidence in support of the alleged errors in the assessment." (Cert. Admin. R. at 25.)

 Ennis initiated this original tax appeal on April 8, 2005.[2] On July 21, 2005,

---

While the appropriate means for a party to challenge a court's subject matter jurisdiction is either as an affirmative defense in its responsive pleading (answer) or in a Trial Rule 12(B)(1) motion to dismiss, the issue of a court's subject matter jurisdiction cannot be waived. *See* Ind. Trial Rules 8(C) and 12(B); *Foor v. Town of Hebron*, 742 N.E.2d 545, 548 (Ind.Ct.App.2001) (citation omitted).

The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–26–3–1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" of the Indiana Board. IND CODE ANN. § 33–26–3–1 (West 2005). Ennis's appeal meets both jurisdictional prerequisites: it challenges the assessment of Indiana's property tax and it requests review of a final determination of the Indiana Board. Accordingly, the Court finds that it has subject matter jurisdiction over Ennis's appeal.

Ennis filed his motion for an evidentiary hearing before this Court. The Court conducted a hearing on the motion on September 23, 2005. Additional facts will be supplied as necessary.

## ANALYSIS

The Indiana Board, while an administrative body, is vested with quasi-judicial powers. *See* IND. CODE ANN. 6–1.5–4–1 (West Supp.2005–2006); IND. CODE ANN. 6–1.5–5–1 to –5 (West Supp.2005–2006). When an agency acts in a quasi-judicial capacity, it must accord due process to those parties whose rights will be affected by its actions. *See City of Hobart Common Council v. Behavioral Inst. of Indiana, LLC,* 785 N.E.2d 238, 246 (Ind. Ct.App.2003). Due process generally requires notice and an opportunity to be heard. *Galligan v. Indiana Dep't of State Revenue,* 825 N.E.2d 467, 472 (Ind. Tax Ct.2005), *review denied.* It follows, then,

that a party required to be served notice "receive actual, timely notice." *See Abdi-rizak v. Review Bd. of Indiana Dep't of Workforce Dev.,* 826 N.E.2d 148, 150 (Ind. Ct.App.2005).

Ennis contends that the Indiana Board violated his right to due process when it dismissed his appeal despite his claim that he did not receive notice of the hearing until after its occurrence. (Cert. Admin. R. at 28, ¶ 7.) As a result, Ennis claims he is now entitled to an evidentiary hearing before this Court, as

> the only way to determine if [he] ever had an opportunity to be heard in his administrative appeal is to hear [his] testimony ... with regard to his receipt of notice and the manner in which it was apparently sent and delivered. Furthermore, [he] is entitled to the opportunity to rebut the conclusion that there was no Due Process violation, if, in fact,

"Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over [him or her]." *LinkAmerica Corp. v. Cox,* 828 N.E.2d 388, 391 (Ind.Ct.App.2005) (citation omitted). The assertion that a court lacks personal jurisdiction must be timely raised or it is waived. *State v. Omega Painting, Inc.,* 463 N.E.2d 287, 290–91 (Ind.Ct.App.1984). The proper method of challenging the personal jurisdiction of a court is as an affirmative defense in the answer or in a Trial Rule 12(B)(2) motion to dismiss. *Id.; LinkAmerica,* 828 N.E.2d at 392. A party's choice of one method over the other does not, however, alter the fact that that party bears the burden of proof on the matter. *See* T.R. 8(C); *Lee v. Goshen Rubber Co.,* 635 N.E.2d 214, 215 (Ind. Ct.App.1994) (stating that when a person attacks the court's jurisdiction over him, he bears the burden of proof upon that issue by a preponderance of the evidence, unless the lack of jurisdiction is apparent from the face of the complaint), *trans. denied.*

Here, the DLGF has provided nothing to enlighten this Court as to why it "does not have Personal Jurisdiction pursuant to [ ] Trial Rule 12[B](2)." (Resp't Answer at 2.) Moreover, it is not apparent from the face of

the complaint why this Court lacks personal jurisdiction. The Court will not make the DLGF's case for it. The issue that the Court lacks personal jurisdiction is therefore deemed waived.

Finally, "[j]urisdiction over the particular case refers to the 'right, authority, and power to hear and determine a specific case within the class of cases over which a court has subject matter jurisdiction.'" *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 50 (Ind. Tax Ct.2000) (internal quotation and citation omitted). Like personal jurisdiction, the assertion that a court lacks jurisdiction over a particular case is voidable and must therefore be timely objected to or it is waived. *Foor,* 742 N.E.2d at 548. The appropriate means to challenge a court's jurisdiction over a particular case is in a Trial Rule 12(B)(6) motion to dismiss. *See Carroll Co.,* 733 N.E.2d at 50.

The DLGF has not filed a 12(B)(6) motion to dismiss. Furthermore, the DLGF's answer has, again, provided nothing to explain or support its claim that "[t]he Tax Court lacks jurisdiction over the case." (*Cf.* Resp't Answer *with* the *entire* Ennis File.) The issue that this Court lacks jurisdiction over the particular case is therefore deemed waived.

that is the [Indiana] Board's assertion. Finally, the existing [administrative] record contains evidence that requires additional information to permit an examination of the propriety of the [Indiana] Board's action.

(Pet'r Br. at 3–4.) The Court, however, disagrees.

 It is uncontested that notice was sent to Ennis on October 15, 2004. (*See* Cert. Admin. R. at 10–11; Pet'r Br. at 3.) *See also* Ind. Trial Rule 5(B)(2) (providing that "[s]ervice shall be deemed complete upon mailing"). Thus, the only fact in dispute is whether or not Ennis actually received notice of the hearing prior to its occurrence. Where an administrative agency sends timely notice through the regular course of mail, a presumption arises that such notice is timely received. *See Abdirizak,* 826 N.E.2d at 150. *See also Keag Family Ltd. P'ship v. Indiana Bd. of Tax Review,* 815 N.E.2d 567, 569 (Ind. Tax Ct.2004). This presumption, however, is rebuttable. *Abdirizak,* 826 N.E.2d at 150; *Keag,* 815 N.E.2d at 569.

 Ennis was given an opportunity to rebut this presumption with his January 26, 2005 letter to the Indiana Board.[3] As the letter reveals, however, Ennis did little more than state "I did not receive the notice until December 4, 2004." [4] (*See*

Cert. Admin. R. at 17.) Given the fact that Ennis conceded that the Notice was mailed on October 15, 2004, the Indiana Board determined that this statement alone was simply insufficient to rebut the presumption and therefore dismissed Ennis's appeal.[5] In reviewing the administrative record in its entirety, this Court cannot find that the Indiana Board acted arbitrarily, capriciously, or abused its discretion in making that determination. *See* IND. CODE ANN. § 33–26–6–6(e)(1) (West 2005). *See also Miller Village Prop. Co. v. Indiana Bd. of Tax Review,* 779 N.E.2d 986, 988 (Ind. Tax Ct.2002) (stating that this Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority), *review denied.*

## CONCLUSION

For the foregoing reasons, this Court DENIES Ennis's motion for evidentiary hearing. The Indiana Board's final determination dismissing Ennis's appeal is therefore AFFIRMED.

---

**3.** In essence, then, there are two facets of due process at work in this case. The first is Ennis's opportunity to be heard on his claim of lack of notice. If he is able to show that he did not receive timely notice of his hearing, then he was not afforded an opportunity to be heard (and thus, due process) on his underlying substantive claim (i.e., his assessment appeal). If, however, Ennis is unable to overcome the presumption that he received timely notice through the mail, then he was afforded an opportunity to be heard on his substantive claim in November, which he effectively waived by his failure to appear.

**4.** The Court notes that while Mr. Ennis implied in his letter that his neighbor may have mistakenly received his notice, he never explicitly said such was the case. (*See* Cert. Admin. R. at 17.)

**5.** The Indiana Board has suggested that Ennis could have attached "sworn affidavit[s] or additional evidence" with his letter. (Resp't Br. at 6.)