P/S, INC., Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE.**

No. 49T10–0403–TA–16.

Tax Court of Indiana.

July 24, 2006.

Publication Ordered Sept. 1, 2006.

Louis F. Britton, Donald J. Bonomo, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for Petitioner.

Steve Carter, Attorney General of Indiana, Allen Morford, Deputy Attorney General, Indianapolis, for Respondent.

## ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

P/S, Inc. (P/S) appeals the Indiana Department of State Revenue's (Department) denial of its claim for refund of interest, collection fees, and clerk costs paid in conjunction with its underground storage tank fees (UST–1 fees) for the 1995–2001 tax years (the years at issue). The matter is currently before the Court on the parties' cross-motions for summary judgment, in which the following issues have been raised:

I. Whether P/S is entitled to a refund of interest assessed in connection with its UST–1 fees; and

II. Whether P/S is entitled to a refund of collection fees and clerk costs assessed in connection with its UST–1 fees.

## FACTS AND PROCEDURAL HISTORY

P/S, an Indiana corporation, has been the owner and operator of underground storage tanks located in Vincennes, Indiana and Sullivan, Indiana since 1995. These tanks are subject to the Indiana Underground Storage Tank Fee (UST–1 fee).

On April 8, 2003, the Department issued Demand Notices for Payment (Forms AR–40) to P/S for unpaid UST–1 fees for each of the years at issue. Because P/S had not paid the UST–1 fees by June 9, 2003, the Department issued tax warrants for the unpaid UST–1 fees. Each warrant reflected the assessed UST–1 fees, interest thereon, collection fees, and clerk costs.[1]

On July 9, 2003, P/S paid the warrants in full, for a total payment of $7,858.20. P/S then filed a claim for refund with the Department on September 11, 2003, seeking a refund of interest, collection fees, and clerk costs assessed in connection with each tax warrant. The Department denied P/S's claim for refund.

On March 24, 2004, P/S initiated an original tax appeal. P/S subsequently filed a motion for summary judgment on May 6, 2005 and the Department filed a cross-motion for summary judgment on June 8, 2005. The Court conducted a hearing on the parties' motions on July 29, 2005. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the Department's determinations *de novo*. IND. CODE ANN. § 6–8.1–9–1(d) (West 2006). Therefore, the Court is bound by neither the evidence presented nor the issues raised at the administrative level. *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied*.

In addition, a motion for summary judgment will be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. *Snyder*, 723 N.E.2d at 488.

### Discussion

The UST–1 fee is a listed tax that is assessed annually against owners of underground storage tanks that are in use on the July 1 assessment date. *See* IND. CODE ANN. § 6–8.1–1–1 (West 2006); IND. CODE ANN. § 13–23–12–1(a) (West 1996) (amended 1998).[2] Payment of the

---

**1.** The warrants also included penalties for non-payment; however, the Department later waived all penalties. (*See* Resp't Ex. 3.)

**2.** Prior to 1996, the UST–1 Fee was assessed pursuant to Indiana Code § 13–7–20–32. *See* IND. CODE ANN. § 13–7–20–32 (West 1995). That statute was recodified in 1996 and can now be found at Indiana Code §§ 13–23–12–1 to –7. *See* IND. CODE ANN. §§ 13–23–12–1 to –7 (West 1996). In addition to breaking the statute up into seven separate sections,

the recodification also changed the amount of the UST–1 penalties (which were later changed again by subsequent amendments to the statute). *See* A.I.C. § 13–23–12–4 (amended 1998, 1999). The rest of the statute remains substantively unchanged. For ease of reference, the Court will cite to the 1996 version of the UST–1 statutes throughout this opinion.

fee is to be made in accordance with a schedule established by the Department. IND. CODE ANN. § 13–23–12–3 (West 1996). At least thirty days before payment is due, the Department is required to attempt to notify underground storage tank owners of their liability. IND. CODE ANN. § 13–23–12–6 (West 1996).

In accordance with these statutory requirements, the Department has established a schedule whereby payment of UST–1 fees is due annually on December 15 for all taxpayers. (*See* Resp't Ex. 2, Sector Aff. ¶ 5.) In order to provide notice of this schedule, it is the Department's usual practice to mail each taxpayer a Form UST–1 return approximately one month prior to the annual December 15 due date. (*See* Resp't Ex. 2, Secttor Aff. ¶¶ 5–6.)

P/S claims that it did not receive Form UST–1 returns for the years at issue. Indeed, according to P/S, the first notice it received of its UST–1 fee liability came in the form of tax warrants issued on June 9, 2003. (Pet'r Br. at 4.) Although the Department maintains that it sent demand notices to P/S on April 8, 2003, P/S claims that it never received these notices. (Pet'r Br. at 4.) Due to this alleged lack of notice, P/S contends that it is entitled to a refund of all interest, collection fees and clerk costs paid in conjunction with the UST–1 fees. (Pet'r Br. at 5.) The Court, however, disagrees.

### I. Interest

P/S argues that because it was not at fault for the late payment of its UST–1 fees (due to the Department's failure to provide notice), it should not be punished by having to pay interest on those fees.[3] This argument, however, confuses the concepts of penalty and interest.

Interest represents the time value of money. *Indianapolis Public Housing Agency v. Aegean Const. Servs., Inc.,* 755 N.E.2d 237, 241 (Ind.Ct.App.2001) (citation omitted). It is "[t]he compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use[.]" BLACK'S LAW DICTIONARY 829 (8th ed.2004). Accordingly, interest is distinguishable from a penalty in that a penalty is a means of punishment whereas interest is a means of compensation. *See* BLACK'S LAW DICTIONARY 1168 (8th ed.2004) (defining a penalty as "a sum of money exacted as a punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)").

■ Although P/S contests the interest, collection fees, and clerk costs assessed in conjunction with its UST–1 fees, it does not dispute that it owed the UST–1 fees themselves. Because P/S did not timely pay those fees, the Department was deprived of the use of that money during the years at issue, and is thus entitled to charge interest as a means of compensation. Nevertheless, P/S was *not* punished. Indeed, the Department did initially assess both penalties and interest, but later

---

**3.** P/S conceded at oral argument that it might, in fact, be liable for *some* interest because it waited three years to register its tanks with the Indiana Department of Environmental Management (IDEM). (*See* Oral Argument Tr. at 16–17.) *See also* IND. ADMIN. CODE tit. 329, r. 9–2–2(a) (1995 Supp., 2001) (requiring underground storage tank owners to register their tanks with IDEM within 30 days of bringing the tanks into use). P/S did not register its tanks until 1999; therefore, the Department was unaware of their existence prior to that time and could not have known to send notice to P/S of its UST–1 fee liability. Nevertheless, because the issue of fault has no bearing on whether or not interest is due, the Court need not sort through this matter.

waived the penalties for each of the years at issue. (*See* Resp't Ex. 3.) Because interest is not intended as a punishment, however, the Department is not permitted to waive it. *See* IND. CODE ANN. § 6–8.1–10–1(e) (West 2003). Thus, P/S is not entitled to a refund of interest paid in connection with its UST–1 fees for any of the years at issue.[4]

## II. Collection Fees and Clerk Costs

Collection fees and clerk costs attach once a warrant is issued for the collection of a tax.[5] IND. CODE ANN. § 6–8.1–8–2(b) (West 2003) (footnote added). P/S suggests that if it had received the Department's April 2003 demand notices, it would have paid its overdue UST–1 fees immediately, thereby eliminating the need for the Department to subsequently issue tax warrants in June of 2003. (*See* Oral Argument Tr. at 4.) By paying the demand notices rather than the tax warrants, P/S would not have been subject to collection fees and clerk costs. Thus, with respect to the issue of whether P/S is entitled to a refund of collection fees and clerk costs, the pertinent question is whether P/S timely received the demand notices the Department sent before it issued tax warrants.

It is uncontested that the demand notices were *sent* to P/S. (*See* Jt. Agreed

Statement of Facts ¶ 4.) Indeed, the Department maintains that it mailed the demand notices on April 8, 2003 to P/S's listed address of 1033 Lafayette Avenue, Terre Haute, Indiana 47804. (Resp't Br. at 2–3; Resp't Ex. 2, Secttor Aff. ¶¶ 2–3.) The Department further states that it did not receive these notices back as returned mail. (Resp't Br. at 6; Resp't Ex. 2, Secttor Aff. ¶ 4.) The only fact in dispute, therefore, is whether P/S actually *received* the notices.

■ When an administrative agency sends notice through the regular course of mail, a presumption arises that such notice is received. *Abdirizak v. Review Bd. of Indiana Dep't of Workforce Dev.*, 826 N.E.2d 148, 150 (Ind.Ct.App.2005). *See also Keag Family Ltd. P'ship v. Indiana Bd. of Tax Review*, 815 N.E.2d 567, 569 (Ind. Tax Ct.2004). Nevertheless, this presumption is rebuttable. *Abdirizak*, 826 N.E.2d at 150; *Keag*, 815 N.E.2d at 569.

■ To rebut the presumption that it received timely notice, P/S has done nothing more than state that it did not receive the April 2003 demand notices. (*See* Pet'r Br. at 2, 4; Oral Argument Tr. at 4.) This conclusory statement alone is insufficient to rebut the presumption that P/S received the notices. *See Ennis v. Dep't of Local*

---

**4.** P/S maintains that even if it does owe interest, the Department has incorrectly calculated the amount of interest due. More specifically, P/S reasons that because liability for interest is to be calculated from the due date for payment, and because payment of its UST–1 fees was not due until April of 2003 at the earliest, then interest did not begin to accrue until April of 2003. (*See* Pet'r Br. at 5–6.) Nonetheless, P/S has confused the due date of payment with the date of the demand notices. Indeed, P/S's UST–1 fees were due on December 15 of each year. (*See* Resp't Ex. 2, Secttor Aff. ¶ 5.) Thus, the Department correctly calculated interest as accruing from December 15 for each of the years at issue.

**5.** When a taxpayer fails to pay a tax, the Department first sends a notice demanding payment of the tax. *See* IND. CODE ANN. § 6–8.1–8–2(a) (West 2003). The taxpayer then has ten days from the date the Department mails the demand notice to either pay the amount demanded or show reasonable cause for not paying. *Id.* If the taxpayer does not pay the amount demanded or show reasonable cause for its failure to pay, the Department may then issue a tax warrant for the amount of the tax, interest, penalties, collection fees, sheriff's costs, and clerk's costs. A.I.C. § 6–8.1–8–2(b).

*Gov't Fin.,* 835 N.E.2d 1119, 1123 (Ind. Tax Ct.2005) (holding that taxpayer failed to rebut presumption that he received timely notice where he did nothing more than state that he had not received notice). Accordingly, P/S is presumed to have timely received the April 2003 demand notices and, therefore, is not entitled to a refund of the collection fees and clerk costs that attached upon the issuance of the June 2003 warrants.

## CONCLUSION

For the above stated reasons, the Court DENIES P/S's motion for summary judgment and GRANTS the Department's motion for summary judgment. In addition, the parties agreed that the UST–1 fees for the years 1995 through 1998 were twice the amount that should have been assessed. (Jt. Agreed Statement of Facts ¶ 6.) Accordingly, the Department reduced the assessment for those years; it did not, however, reduce the corresponding collection fees. (Jt. Agreed Statement of Facts ¶¶ 6–7.) The parties agreed at oral argument that this was in error. (Oral Argument Tr. at 3.) (*See also* Resp't Br. at 6.) Thus, P/S is entitled to a refund of $348 in collection fees for the 1995 through 1998 tax years. Judgment is entered accordingly.

## *ORDER*

Respondent, Indiana Department of State Revenue, by counsel, files its Motion For Publication Of Memorandum Decision. The Petitioner has filed no objection.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memorandum Decision" is granted and this Court's decision heretofore handed down in the case of *P/S, Inc. v. Ind. Dep't of State Revenue,* 49T10–0403–TA–16 (Ind. Tax Ct. July 24, 2006) marked "Not For Publication" is now ordered published.