Harsukh & Parul BOSAMIA,
Petitioners,

v.

MARION COUNTY ASSESSOR,
Respondent.

No. 49T10–1108–TA–53.

Tax Court of Indiana.

June 19, 2012.

Finis Tatum IV, Foley & Abbott, Indianapolis, IN, Attorney for Petitioners.

Gregory F. Zoeller, Attorney General of Indiana, Jonathan E. Lamb, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

WENTWORTH, J.

Harsukh and Parul Bosamia appeal the Indiana Board of Tax Review's final determination upholding their commercial real property assessments for the 2007 and 2008 tax years. The matter is currently before the Court on the Marion County Assessor's Motion to Dismiss due to the Bosamias' failure to timely file the certified administrative record as required by Tax Court Rule 3(E). The Court finds the case should be dismissed.

## FACTS AND PROCEDURAL HISTORY

On August 24, 2011, the Bosamias, who at the time were representing themselves,[1] initiated an original tax appeal challenging their 2007 and 2008 real property tax assessments. In their petition, the Bosamias requested that the Indiana Board prepare a copy of the certified administrative record. The Bosamias remitted a fifty dollar deposit to the Indiana Board for the preparation of the record, and on September 8, the Indiana Board mailed an invoice to the Bosamias that stated the record was prepared and that the balance of $161.00 was due.

Twenty-four days later on October 2, Harsukh learned that his mother was gravely ill, and he traveled to England to visit her. Harsukh's wife, Parul, remained in Indianapolis to manage their restaurant and to care for their family. Harsukh returned to Indianapolis on October 18.

On October 21, the Bosamias paid the balance due to the Indiana Board. The following day, the Bosamias traveled to England due to the failing health of Harsukh's mother and returned to Indianapolis on November 3, after her death. On November 7, the Assessor moved to dismiss the case, claiming that the Bosamias failed to timely file the record with the Court pursuant to Tax Court Rule 3(E). The Bosamias later filed the record with the Court along with a written motion requesting the Court to permit its untimely filing. On March 12, 2012, the Court conducted a hearing on the Assessor's Motion to Dismiss. Additional facts will be supplied as necessary.

## LAW

■ A party initiates an original tax appeal from a final determination of the Indiana Board by filing a petition with the Tax Court and, among other things, filing a request that the Indiana Board prepare a certified copy of the agency record. Ind. Tax Court Rule 3(B). Thereafter, "[t]he petitioner shall transmit a certified copy of the record to the Tax Court within thirty (30) days after having *received* notification from the Indiana Board of Tax Review that the record has been prepared." Tax Ct. R. 3(E) (emphasis added).

## ANALYSIS

The parties agree that if the Indiana Board's invoice provided adequate notice, the Bosamias had until October 11 to file the record with the Court.[2] The Bosamias admit they missed that deadline, but they contend nonetheless that the Assessor's Motion to Dismiss should be denied for two alternative reasons.

■ First, the Bosamias claim that the Indiana Board's invoice was inadequate notification that the record had been prepared so it failed to trigger their thirty day filing period under Tax Court Rule 3(E).[3] Accordingly, they argue that their payment of the invoice on October 21 was the proper triggering event making their November 9 filing timely.[4]

To support this contention, the Bosamias rely on the Indiana Supreme Court decision in *Wayne County Property Tax Assessment Board of Appeals v. United Ancient Order of Druids–Grove,* 847

---

1. On December 2, several weeks after the Assessor moved to dismiss the case, counsel for the Bosamias filed his appearance.

2. (*See* Pet'rs Obj. Resp't Mot. Dismiss Req. Leave File Cert. Copy Agency Rec. (hereinaf-ter "Pet'rs Obj.") at ¶ 9; Resp't Mot. Dismiss at ¶ 9.)

3. (*See* Oral Argument Tr. at 12.)

4. (*See* Oral Argument Tr. at 13.)

N.E.2d 924 (Ind.2006) for the proposition that an Indiana Board invoice provides adequate notice if it contains a statement that the record is complete along with either the completed record or a specific date on which the record can be picked up.[5] While the Bosamias' invoice stated that the record had been prepared, it did not include the completed record or provide a specific date on which to pick up the record. As such, the Bosamias claim that the invoice was inadequate notification and did not trigger their obligation to file the record.[6] The Bosamias' reading of *Druids,* however, is incorrect.

In *Druids,* the Supreme Court examined an Indiana Board invoice to determine if it provided adequate notice to trigger the taxpayer's duty to file the record under Tax Court Rule 3(E). The Supreme Court found three separate ways the invoice could have provided adequate notice: 1) if the invoice told the taxpayer the record was complete, 2) if it included the completed record, or 3) if it provided a date on which the record could be picked up.[7] *Druids,* 847 N.E.2d at 929 (footnote added). Noting that all three were absent, and that the only information contained in the invoice was a breakdown of the remaining charges owed, the Court found that the Indiana Board's invoice in *Druids* was inadequate to provide notice, and trigger the thirty day filing period. *Id.*

Here, however, the Indiana Board's invoice sent to the Bosamias is different from the one in *Druids,* as it states:

**The Administrative Record for the above-referenced case has been prepared per your request. This invoice represents a breakdown of charges that must be paid in order to have the record released. Please send a check payable to the Indiana Board of Tax Review ... and the record will be mailed upon receipt of balance due. . . .**

**This invoice also triggers your obligation under Tax Court Rule 3(E) to file the Administrative Record with the Tax Court within thirty (30) days of receipt of this notice.**

(Resp't Mot. Dismiss, Ex. 1.) The statement in the Bosamias' invoice that the record "has been prepared" would by itself be sufficient notice under *Druids* to trigger the thirty day filing period. *See Druids,* 847 N.E.2d at 929. Nonetheless, the invoice goes even further by stating 1) how the Bosamias could obtain the record (payment of the invoice) and 2) that their receipt of the invoice triggered their thirty days to file the record. Accordingly, the Court finds the Bosamias' invoice provided sufficient notice under Tax Court Rule 3(E).

■ In the alternative, the Bosamias contend that their failure to timely file the record should be excused under Trial Rule 6(B)(2) [8] as their failure was the result of

---

**5.** (*See* Oral Argument Tr. at 10–14 *(citing Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29,* 847 N.E.2d 924 (Ind.2006).)

**6.** (*See* Oral Argument Tr. at 12.)

**7.** The Supreme Court affirmatively cited *Keag Family Limited Partnership v. Indiana Board of Tax Review,* 815 N.E.2d 567, 569 (Ind.Tax. Ct.2004) in which the Tax Court held the Indiana Board's invoice was adequate notice despite lacking a statement that the record

was complete because the invoice contained the completed record. *Druids,* 847 N.E.2d at 929.

**8.** The Assessor argues that Trial Rule 6(B)(2) does not apply to this case because the time limit for filing the administrative record with this Court is prescribed by the Tax Court Rules, not the Trial Rules. (Oral Argument Tr. at 20, 22.) The Court does not address this argument because it finds in favor of the Assessor on other grounds.

"excusable neglect." [9] Again, the Court disagrees.

Indiana Trial Rule 6(B)(2) states:

> When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown . . . upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of *excusable neglect* [.]

Ind. Trial Rule 6(B)(2) (emphasis added.) Neither Trial Rule 6(B)(2), nor its federal counterpart, defines "excusable neglect." *See, e.g.*, T.R. 6(B)(2); Fed. R.Civ.P. 6(b)(1)(B). Furthermore, Indiana case law interpreting excusable neglect in the context of Trial Rule 6(B)(2) is scarce.

Black's Law Dictionary defines "excusable neglect" as

> A failure . . . to take some proper step at the proper time . . . not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.

BLACK'S LAW DICTIONARY 1133 (9th ed. 2009). Additionally, Indiana courts have discussed excusable neglect in the context of Trial Rule 60(B), which grants relief from judgments or orders. In those cases, courts have found excusable neglect where the failure to act was caused by some event or action outside a party's control. *See e.g., Whittaker v. Dail,* 584 N.E.2d 1084, 1087 (Ind.1992); *Shane v. Home Depot USA, Inc.,* 869 N.E.2d 1232, 1235–36

(Ind.Ct.App.2007); *Flying J, Inc. v. Jeter,* 720 N.E.2d 1247, 1249–50 (Ind.Ct.App. 1999). For example, in *Whittaker,* the Indiana Supreme Court found that the trial court abused its discretion in not setting aside a default judgment when the evidence clearly demonstrated that the party claiming excusable neglect was not "foot dragging," but that his failure to act was the result of a breakdown in communication between his insurance agent and his attorney. *Whittaker,* 584 N.E.2d at 1087. *Cf. Smith v. Johnston,* 711 N.E.2d 1259, 1262 (Ind.1999) (where the failure to act was not the result of excusable neglect because it was caused by the party's own actions).

■ In this case, the Bosamias did not file the record within thirty days after receiving the Indiana Board's invoice. In fact, more than three weeks passed before they even learned of Harsukh's mother's illness. Furthermore, after Harsukh left the country to visit his sick mother, his wife had nearly another week to file the record with the Court before the October 11 filing deadline, but she did not do so. The Court sympathizes with the unfortunate circumstances that befell the Bosamias; however, the failure to timely file was not because of Harsukh's mother's illness, but was the result of their own inaction. Given these facts and circumstances, the Court cannot employ its discretion to enlarge the Bosamias' time to file record.[10]

## CONCLUSION

For all the reasons stated above the Court GRANTS the Assessor's Motion to Dismiss, and the Bosamias' motion that

---

9. (Pet'rs Obj. at ¶ 12.)

10. Each tax year stands alone. *Indianapolis Racquet Club, Inc. v. Washington Twp. Assessor,* 802 N.E.2d 1018, 1022 (Ind.Tax Ct.2004),

*review denied.* Consequently, the Bosamias may protest their property assessment next year, if they so choose.

the Court accept their untimely filed record is DENIED.

SO ORDERED.