In re the Paternity of A.B.

Lisa Marie Pedraza, Appellant
(Petitioner below),

v.

Brian Gasperson, Appellees
(Respondent below).

No. 71S05–0312–JV–597.

Supreme Court of Indiana.

Aug. 26, 2004.

Aric J. Rutkowski, The Blanford Law Office, South Bend, IN, Attorney for Appellant.

Aladean M. DeRose, South Bend, IN, Attorney for Appellee.

DICKSON, Justice.

This appeal challenges the trial court's dismissal of a paternity action for lack of personal jurisdiction over the alleged father. In a memorandum decision, the Court of Appeals reversed in part and remanded. We granted transfer and now affirm the trial court.

The mother, Lisa Marie Pedraza, filed a petition to establish paternity, child support, and parenting time, alleging Brian Gasperson was the biological father of her infant child, A.B. The alleged father filed a motion to dismiss, alleging lack of *in personam* jurisdiction. In its order granting the motion, the trial court summarized the relevant facts as follows:

> The facts are without dispute. Mr. Gasperson has never had contact with the State of Indiana. [A.B.] was not conceived here nor was she born here. She does, however, live here now and has lived here for more than six months. Mr. Gasperson has never visited nor lived in Indiana.

Appellant's Appendix at 4.[1] The trial court held that, although it had subject matter jurisdiction to decide paternity cases, and the authority to hear this case because Indiana was A.B.'s home state under the Uniform Child Custody Jurisdiction Law ("UCCJL"), Ind.Code § 31–17–3–3, it did not have personal jurisdiction over the alleged father, a non-resident of this state, because of the absence of sufficient minimal contacts required by the Due Process Clause of the Fourteenth Amendment and Indiana Trial Rule 4.4.

In her appeal, the mother does not challenge the trial court's factual findings but contends that the trial court properly had jurisdiction to issue an order establishing paternity and to determine custody and parenting time by reason of the UCCJL because A.B. had been an Indiana resident for more than six months and that it is in the child's best interest for the trial court to assume jurisdiction. Citing *Matter of Paternity of Robinaugh*, 616 N.E.2d 409 (Ind.Ct.App.1993), she urges that her paternity action, as a proceeding relating to custody and the adjudication of status, is an exception to the minimum contacts requirement normally associated with personal jurisdiction. The mother presents

---

1. In greater detail, the facts are that A.B. was conceived in Missouri where the mother and the alleged father were both employed. The mother moved to Indiana, and A.B. was born in St. Joseph County, Indiana. For a brief time thereafter, the mother and A.B. resided in Niles, Michigan, but soon returned to St. Joseph County, Indiana. In August of 2001 the mother filed a paternity action in Missouri. In August, 2002, the mother dismissed the Missouri action and filed this paternity action in St. Joseph County, Indiana. At the time she filed this appeal, the mother's Appellant's Case Summary indicates that she resides in St. Louis, Missouri. The alleged father is a resident of Texas.

no argument that she complied with Indiana Trial Rule 4.4, which specifies the grounds for Indiana courts to exercise jurisdiction over non-residents.

In *Robinaugh*, the Court of Appeals affirmed the denial of a mother's motion to dismiss an Indiana paternity action filed by the alleged biological father seeking to establish his paternity and for custody of an infant child. Acknowledging that the child was born and remained a resident of Indiana, the mother asserted that both she and the alleged father were residents of Arizona where she became pregnant with the child. She argued that Indiana did not have personal jurisdiction over her because her single venture into Indiana to give birth to the child did not satisfy the "minimum contacts" requirements of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because custody was being sought in the paternity action, the Court of Appeals held that the action was subject to the Uniform Child Custody Jurisdiction Law, and stated: "[c]ustody proceedings are adjudications of status, and as such are an exception to the minimum contacts requirements normally associated with discussions of personal jurisdiction." *Robinaugh*, 616 N.E.2d at 411. Because transfer was not sought, we did not review this opinion.

Five years later, however, we decided *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind.1998), a paternity action, and held that a judgment entered without minimum contacts violates the Due Process Clause of the Fourteenth Amendment. We stated:

> A court simply has no power over persons who have no contact with their territory, unless and until there is a response or an appearance and the lack of personal jurisdiction is not protested. Accordingly, if Stidham is correct that no minimum contacts existed, then the Indiana trial court did not have personal jurisdiction over him and its effort to exercise that power was a nullity.

*Id.* at 1155. *Robinaugh* was not discussed in *Stidham*.

We further note that the UCCJL does not expressly refer to paternity actions but arguably applies to them as proceedings relating to custody and the adjudication of status. In contrast, however, the Uniform Interstate Family Support Act ("UIFSA"), enacted in 1997, explicitly applies to proceedings "to determine paternity," Ind. Code § 31–18–2–1, and permits an Indiana tribunal to exercise personal jurisdiction over a nonresident only upon satisfaction with eight enumerated conditions intended to satisfy due process requirements.[2] *Id.*

█ Even if we did not have the clarification provided by the UISFA regarding *in personam* jurisdiction in paternity cases, the UCCJL cannot be deemed to supersede the due process protections of

---

2. The UIFSA, Ind.Code § 31–18–2–1, provides:

> In a proceeding ... an Indiana tribunal may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
> (1) the individual is personally served with notice in Indiana;
> (2) the individual submits to the jurisdiction of Indiana by:
> (A) consent;
> (B) entering an appearance, except for the purpose of contesting jurisdiction; or

> (C) filing a responsive document having the effect of waiving contest to personal jurisdiction;
> (3) the individual resided in Indiana with the child;
> (4) the individual resided in Indiana and has provided prenatal expenses or support for the child;
> (5) the child resides in Indiana as a result of the acts or directives of the individual;
> (6) the individual engaged in sexual intercourse in Indiana and the child:
> (A) has been conceived by the act of intercourse; or

the Fourteenth Amendment. Upon this issue, *Robinaugh* was incorrectly decided. We note, however, that the facts presented in *Robinaugh* would likely support Indiana jurisdiction under the UISFA in the event the mother had "resided in Indiana with the child" or if "the child resides in Indiana as a result of the acts or directives of the [mother]." Ind.Code § 31–18–2–1(3), (5).

In the present case, the trial court concluded:

> Before an Indiana court can exercise jurisdiction of a nonresident, a plaintiff must satisfy both the long-arm statute, Ind. Trial Rule 4.4 and due process. The Due Process Clause of the Fourteenth Amendment requires that certain minimum contacts exist between a nonresident defendant and a plaintiff before personal jurisdiction is proper. Although even merely engaging in sexual intercourse leading to conception is a sufficient contact in a paternity suit to confer personal jurisdiction under T.R. 4.4 and due process, a contact even this minimal is lacking here. For this reason, then, Respondent's motion to dismiss is granted.

Appellant's Appendix at 5–6 (citations omitted). The trial court was correct.

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

(B) may have been conceived by the act of intercourse if the proceeding is to establish paternity;

(7) the individual asserted paternity of the child in the putative father registry administered by the state department of health under IC 31–19–5; or

(8) there is any other basis consistent with the Constitution of the State of Indiana and the Constitution of the United States for the exercise of personal jurisdiction.