**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 31 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LARRY O. WILDER**
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES:

**MICHAEL W. MCBRIDE**
Ferguson & Ferguson
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY FOX, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1203-CP-160 |
| | ) | |
| ROGERS BUILDING VENTURES, ET. AL., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-9707-CP-952

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Billy Fox, Jr., appeals the trial court's judgment against him. Fox raises two issues on appeal, which we restate as: 1) whether the trial court correctly denied his objection to the court's personal jurisdiction over him, and 2) whether the trial court correctly denied his motion to set aside the judgment based on fraud. Concluding that the trial court correctly denied the objection to personal jurisdiction and the motion to set aside judgment, we affirm.

## Facts and Procedural History

The trial court accurately observed that this case has a long and convoluted procedural history; Fox's brief makes it appear even more complicated than it is, but we will attempt to simplify it here. In January 1997, Fox and Steve Lindsey signed a two year lease for a property belonging to John Seeber and others, a group who called themselves Rogers Building Venture ("Rogers"). Fox and Lindsey's business failed, they stopped paying rent, and in July of 1997 Rogers filed suit. Several of Fox's arguments in this appeal are tied to the contention that a default judgment was entered against him as a result of the 1997 suit. However, the record shows that a judgment was entered against Lindsey only. The chronological case summary ("CCS") mistakenly noted that judgment was entered against Fox, but the judgment entry and order themselves clearly apply only to Lindsey, the judgment entry specifically notes that Fox was not served, and a later trial court's findings of fact include the finding that the default judgment was against Lindsey only and the CCS entry regarding Fox was in error. Unfortunately, the CCS waters were further muddied in 2005 when a Judge pro tem, possibly relying on the earlier CCS entry, noted that judgment had

2

previously been entered against Fox and that that judgment remained in effect. Despite the errors in the CCS, the 1997 default judgment itself is quite clear that it applies only to Lindsey and not to Fox; thus no judgment was ever entered against Fox in 1997.

One is left to wonder what happened in the intervening years, but in late 2004, the case was re-docketed and a pre-trial conference was set for early 2005. In April 2005, Lindsey filed a cross-claim against Fox. Fox called the court to say that he had received the cross-complaint but that he had never been notified of the 1997 complaint; during that call Fox was informed that a trial date was set for May 13, 2005. On May 5, 2005, Fox, pro se, filed correspondence with the court that denied the allegations, noted that he had never received a copy of the original complaint, requested a copy of the complaint, and requested a postponement of the May 13 trial date so that he could review the facts of the case. The trial date was reset at Fox's request. After several other continuances, a bench trial was held in February 2006. Fox failed to appear for pre-trial conferences, and admits that he did not participate in the trial itself. On March 13, 2006, the trial court entered a judgment against both Fox and Lindsey, jointly and severally.

For several years thereafter, Rogers appears to have attempted to collect on the judgment, by filing notices and interrogatories, and serving Fox at his home, without success. Lindsey ultimately filed for bankruptcy, and the proceedings against him were stayed but Rogers was permitted to continue to try to collect from Fox. Eventually, in early 2011, Fox was successfully served with notice of proceedings supplemental. Now with counsel, Fox requested a continuance, which was granted. In June 2011, at a proceedings supplemental

3

hearing, Fox objected to the jurisdiction of the court. The court found that it had jurisdiction. Fox filed a motion to reconsider, and also filed a motion to set aside judgment, alleging that Rogers was not a properly registered entity. Rogers filed a motion to substitute real parties. In January 2012, the court conducted a hearing on all pending matters. In March 2012, the court again denied Fox's objection to jurisdiction, denied his motion to set aside judgment, and granted Rogers's motion to substitute real parties. This appeal followed. Additional facts will be supplied as necessary.

Discussion and Decision

I. Personal Jurisdiction

A. Standard of Review

The existence of personal jurisdiction over a defendant is a question of law and a constitutional prerequisite for a valid judgment, and thus a de novo standard is used when we review whether personal jurisdiction exists. Munster v. Groce, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). To the extent that a trial court may make findings of jurisdictional facts, those findings are reviewed for clear error if they were based on in-court testimony, but are reviewed de novo if they are based on a paper record. Id. When a defendant claims that the court lacks personal jurisdiction, the plaintiff must present evidence to show that there is jurisdiction. Id. It is the defendant though who ultimately bears the burden of proving a lack of personal jurisdiction by a preponderance of the evidence, unless the lack of jurisdiction is apparent on the face of the complaint. Id.

4

### B. Personal Jurisdiction Over Fox

"Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person." Laflamme v. Goodwin, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009) (citation omitted). Under Indiana Trial Rule 4(A), a court acquires jurisdiction over a party who "commences or joins in the action, [or] is served with summons or enters an appearance . . . ." Objections to personal jurisdiction may be raised either in the answer to the complaint or in a motion to dismiss. Laflamme, 911 N.E.2d at 664. If a judgment is entered without the court ever gaining jurisdiction over a party, the judgment is void as to that party. Stidham v. Whelchel, 698 N.E.2d 1152, 1157 (Ind. 1998).

Fox claims that the court did not have personal jurisdiction over him, although he appears to conflate the 1997 and 2006 judgments, and it is difficult at times to determine which judgment he is referencing. As to the 1997 judgment, the answer is clear and short: the court did not have personal jurisdiction over Fox, because he was not served and appears not to have known about the suit. However, as outlined above, there was never any judgment against him in 1997, and so jurisdiction of the court in 1997 is immaterial.

As to the 2006 judgment, it appears that Fox filed an answer and an appearance, and had actual knowledge of the suit. Fox's argument is premised largely on the contention that the 2006 court did not have jurisdiction because the 1997 judgment was never set aside. However, because there was no judgment against Fox in 1997, the 1997 judgment is irrelevant to the inquiry of the court's jurisdiction over him in 2006.

The trial court concluded that Fox's May 5, 2005, correspondence constituted an appearance, and we agree. Fox's correspondence stated:

> Come now the defendant, Billy Fox, pro se, state [sic] as follows:
> 1) Fox was never served with notice of original complaint in July, 1997.
> 2) Fox received first notice of this complaint on April 28th.
> 3) Fox denies any agreement with Lindsey.
> 4) Fox further denies all other allegations of Rogers Building Venture, John Seeber, and Steve Lindsay [sic].
> Wherefore, the defendant Fox request [sic] a copy of original complaint.
> A postpondment [sic] of hearing of May 13th because of time need [sic] to review the facts of the case.

Appendix of Appellant at 50. The Supreme Court has said that pro se documents are to be liberally construed and should be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). This is in keeping with Indiana Trial Rule 8(F), which states in relevant part that "[a]ll pleadings shall be so construed as to do substantial justice . . . ." We have said that an appearance "may be effected by any act by which a person recognizes the case as being in court, such as by filing an answer." King v. King, 610 N.E.2d 259, 262 (Ind. Ct. App. 1993), trans. denied; see also Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851, 858 (7th Cir. 2011) (noting that to constitute an appearance, the filing of responsive papers is not necessarily required, but that the court will require that "the defendant engage in some sort of conduct clearly indicating an intent to defend the suit."). Here, in Fox's correspondence, he referred to himself as the defendant, he denied the allegations, he requested a copy of the complaint, and he asked for the trial to be postponed so that he could review the facts of the case. This letter indicated

6

Fox's recognition of the case being in court, and constituted both an appearance and an answer.

The trial court further concluded that it had jurisdiction over Fox because Fox had actual notice of the suit. Case law tells us that while actual knowledge is not dispositive, it is a factor to be considered in determining whether a court has jurisdiction. Glennar Mercury-Lincoln, Inc. v. Riley, 167 Ind. App. 144, 152, 338 N.E.2d 670, 675 (1975); see also Reed Sign Serv., Inc. v. Reid, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001), trans. denied (finding personal jurisdiction because of, among other things, the party's actual knowledge of the temporary restraining order in question); Boczar v. Reuben, 742 N.E.2d 1010, 1016 (Ind. Ct. App. 2001) (finding that the trial court had personal jurisdiction where service was incomplete, because the party had timely actual knowledge of the suit and so the purpose behind the trial rules regarding service was met).

By filing an appearance and an answer, Fox submitted himself to the jurisdiction of the trial court. Further, he had actual knowledge of the suit early on in the proceedings and was not prejudiced in his right to be heard. The trial was postponed at Fox's request in order to give him time to prepare, and Fox simply failed to participate thereafter. The trial court had personal jurisdiction over Fox for the 2006 judgment, and correctly denied his objection to jurisdiction.

7

## II. Relief from Judgment

### A. Standard of Review

We review a trial court's grant or denial of a motion for relief from judgment under an abuse of discretion standard of review. Beike v. Beike, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004). An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. Id.

### B. Fraud

Fox also filed a motion to set aside judgment under Indiana Trial Rule 60(B). The record indicates that the motion was premised on fraud because of Rogers's failure to file an assumed business name, and for a failure of real parties in interest to prosecute. In his brief, Fox spends barely two pages discussing his motion to set aside judgment, and does not address the conclusions of the trial court or advance an argument for how he was harmed by any fraud that may have occurred.[1] Fox asserts, and Rogers does not deny, that Rogers was not a properly registered entity at the time of either suit. However, a real party in interest, John Seeber, has been a party the entire time. Seeber has been a part-owner of the property that was leased to Fox since the original lease was signed, continuing to the present day. Further, after Fox filed his motion to set aside judgment, Rogers filed a motion to substitute real parties. See Ind. Trial Rule 17(A) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection

---

[1] Fox also seems to be focused almost entirely on the 1997 judgment here, which as we have discussed is irrelevant because there was no judgment against him in 1997.

has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.").

We have said that in ruling on a Rule 60(B) motion, the trial court needs to balance the alleged injustice suffered by the moving party against the interests of the winning party and society. Evans v. Evans, 946 N.E.2d 1200, 1206 (Ind. Ct. App. 2011). Here, Fox does not appear to even allege any injustice. And, the party seeking to set aside judgment must make a prima facie showing of a good and meritorious defense, which translates to a showing that if the case were retried on the merits, there would be a different outcome. In re Marriage of Holley, 659 N.E.2d 581, 583 (Ind. Ct. App. 1995), trans. denied. It is difficult to see how the outcome here could have been any different had Rogers been a properly registered entity.

The trial court advanced several bases for its denial of Fox's motion to set aside judgment. Firstly, the court found that Fox did not present any evidence of an unconscionable plan or scheme that actually influenced the court's decision, as is necessary to succeed in an argument that there was fraud on the court. In re Paternity of S.C., 966 N.E.2d 143, 148 (Ind. Ct. App. 2012) ("Fraud on the court has been narrowly applied and is limited to the most egregious of circumstances involving the courts. . . . To prove fraud on the court, it is not enough to show a possibility that the trial court was misled. Rather, there must be a showing that the trial court's decision was actually influenced.") (citations and internal quotation omitted), aff'd on reh'g; G.H. Skala Constr. Co. v. NPW, Inc., 704 N.E.2d 1044, 1049 (Ind. Ct. App. 1998) ("Fraud on the court exists when an unconscionable plan or

scheme . . . prevented the losing party from fully and fairly presenting his case or defense.") (citations and internal quotation omitted), <u>trans. denied</u>.

Secondly, the trial court agreed with Rogers that the doctrine of laches barred Fox's motion. Laches is an equitable doctrine with three elements: 1) inexcusable delay in asserting a right; 2) an implied waiver that arises when the party knows of conditions and acquiesces to them; 3) a change in circumstances that prejudices the adverse party. <u>Shriner v. Sheehan</u>, 773 N.E.2d 833, 846 (Ind. Ct. App. 2002), <u>trans. denied</u>. The trial court found that Fox's nearly six year delay before filing the motion was inexcusable, that his failure to respond for over two years to notices and orders that were mailed to his home constituted an implied waiver, and that he had no meritorious defense indicating that the court would rule in his favor if his motion were denied.

Finally, the trial court found that Fox failed to show any detrimental reliance on Rogers's failure to file an assumed business name. The court also clarified that Fox's argument that no real party in interest filed the action was partly based on an error in the lease that listed the property in question as being on West Sixth Street, when in fact it was on East Sixth Street and East Sixth Street was the address listed in the original complaint and is the building that is part-owned by John Seeber.

The trial court advanced sound reasons for denying Fox's motion, and in his cursory argument on appeal, Fox does nothing to convince us that the trial court abused its discretion. We hold that the trial court did not abuse its discretion in denying Fox's motion to set aside judgment.

10

## Conclusion

Concluding that because Fox filed an appearance and an answer, the trial court had personal jurisdiction over him and thus correctly denied his objection to jurisdiction, and that the trial court did not abuse its discretion in denying his motion to set aside judgment, we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.