**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 02 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREGORY K. BLANFORD**
The Blanford Law Office
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE VISITATION OF M.J. and J.J.:    )
    )
C.M.    )
    )
    Appellant-Respondent,    )
    )
        vs.    )    No. 71A03-1205-JM-220
    )
J.J. and I.J.,    )
    )
    Appellees-Petitioners.    )

APPEAL FROM THE SAINT JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-1203-JM-4

**November 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

C.M. (Mother) appeals from the trial court's order granting visitation with her two minor children, M.J. and J.J., to the children's paternal grandparents, Jo.J. and I.J. (Grandparents).[1] Mother raises three issues on appeal, which we restate as follows:

1. Did the trial court err in denying Mother's motion to dismiss Grandparents' petition for visitation?

2. Did the trial court improperly expedite the hearing on Grandparents' petition for visitation?

3. Did the trial court err in denying Mother's motion for change of judge?

We affirm.

M.J. and J.J. were born out of wedlock to Mother and Ja.J. (Father) in 2005 and 2008, respectively. Father established paternity of both children by executing paternity affidavits at the time of each child's birth, and Mother and Father lived together with the children until they separated in December of 2011. In January 2012, Father filed separate petitions to establish child support and parenting time with each child. Contemporaneously with these filings, and under the same cause numbers, Grandparents filed separate petitions for grandparent visitation with each child. Mother, Father, and Grandparents all appeared at a hearing on February 1, 2012, at which the two paternity cases, along with the petitions for grandparent visitation filed therein, were consolidated under a single cause number. On the same date, the trial court scheduled a contested hearing on the issues of parenting time, child support, and grandparent visitation for March 15, 2012.

---

[1] The Grandparents have not filed an appellees' brief. Accordingly, we need not undertake the burden of developing arguments for them. *See Laflamme v. Goodwin*, 911 N.E.2d 660 (Ind. Ct. App. 2009). Additionally, we apply a less stringent standard of review with respect to showings of reversible error; that is, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id*.

The day before the scheduled hearing, Mother filed a motion to dismiss the Grandparents' petition for visitation pursuant to Trial Rule 12(B)(6). In her motion, Mother argued that pursuant to the Grandparent Visitation Act (the Act), the Grandparents were required to file their petition for visitation separately from Father's paternity action. The trial court heard argument on the motion at the March 15 hearing, and ultimately agreed that Grandparents' petitions for visitation were distinct from the paternity action and must be filed under a different cause number. Instead of dismissing the petitions, however, the court ordered Grandparents' counsel to immediately open a separate cause number and pay the necessary filing fee, and further ordered the clerk to scan their previously filed petitions for grandparent visitation into the new case file. The trial court then took a recess to allow the Grandparents and the clerk to carry out these steps.

When the parties reconvened later that day, the trial court confirmed that the Grandparents had opened a separate cause number and paid the requisite filing fee. At that point, Mother orally moved for a change of judge with respect to the grandparent visitation action. The trial court denied the motion as untimely, and went on to hold a contested hearing on the issues presented in the paternity action. Due to time constraints, the trial court was unable to reach the grandparent visitation issue on that date, and a contested hearing was rescheduled for April 3, 2012. Following the April 3 hearing, the trial court entered an order granting the Grandparents visitation with M.J. and J.J. This appeal ensued.

1.

Mother first argues that the trial court erred in denying her T.R. 12(B)(6) motion to dismiss Grandparents' petition for failure to state a claim on which relief can be granted.

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. That is to say, it tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in the light most favorable to the non-moving party and with every inference in its favor. Our review of a trial court's grant or denial of a motion to dismiss based on Trial Rule 12(B)(6) is de novo. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief.

*Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011) (citations omitted).

Mother does not dispute that Grandparents were entitled to seek visitation pursuant to the Act—she argues only that they were not entitled to pursue visitation as part of the paternity action. The Act provides that "[a] proceeding for grandparent's visitation must be commenced by the filing of a petition entitled, 'In Re the visitation of _____'." Ind. Code Ann. § 31-17-5-3 (West, Westlaw current with all 2012 legislation). Mother contends that this section required Grandparents to file their petitions for grandparent visitation as a separate action, and that no relief could be granted through Father's paternity action. This proposition finds some support in our case law. *See Hammons v. Jenkins-Griffith*, 764 N.E.2d 303 (Ind. Ct. App. 2002); *In re Guardianship of K.T.*, 743 N.E.2d 348 (Ind. Ct. App. 2001). More recently, however, our Supreme Court has concluded that the requirement that a petition for grandparent visitation be filed separately from a paternity action may be

4

dispensed with in the interest of judicial economy. *K.I. ex rel. J.I. v. J.H.*, 903 N.E.2d 453 (Ind. 2009).

Here, the trial court concluded that Grandparents had not complied with the statutory procedure required by the Act because they filed their petitions for visitation as part of the paternity action. The court concluded further, however, that counsel for all parties had been aware for some time that the court would ultimately rule on the request for grandparent visitation, and that delay in making such a determination would be detrimental to the interests of the children. The court therefore denied the motion to dismiss, but ordered the Grandparents to open a separate cause number and transfer the petitions to the new cause number. In light of the fact that Grandparents' petitions had been pending in the paternity action for nearly two months without objection from Mother, coupled with the steps taken to bring the petitions into compliance with the requirements of the Act, we cannot conclude that the trial court erred by denying the motion to dismiss.

2.

Next, Mother argues that the trial court "improperly 'fast tracked'" Grandparents' petitions for grandparent visitation by holding a contested hearing "almost immediately following" the severance of the petitions for grandparent visitation from the paternity action. *Appellant's Brief* at 5. The legal basis for this argument is unclear. Mother cites *Abrahamson Chrysler Plymouth v. Ins. Co. of N. Am.*, 453 N.E.2d 317 (Ind. Ct. App. 1983), for the proposition that due process requires that a defendant receive sufficient notice to allow him or her to present a defense, but Mother has completely failed to develop this

5

argument.[2] Any due process argument is therefore waived. *See Zoller v. Zoller*, 858 N.E.2d 124 (Ind. Ct. App. 2006) (noting that a party waives an issue for which it fails to develop a cogent argument). Waiver notwithstanding, Mother does not argue that the notice she received or the amount of time she was given to prepare for trial was in any way inadequate. Additionally, although Mother's counsel indicated at the contested hearing that he believed the hearing was "premature," *Transcript* at 32, counsel did not request a continuance to allow him additional time to file a responsive pleading or further prepare for the hearing.

Moreover, we note that the contested hearing on Grandparents' visitation petitions was not held "almost immediately following" the severance of the petitions for grandparent visitation from the paternity action; rather, the hearing was held nineteen days later. Moreover, Mother was aware that Grandparents were seeking visitation when they initially filed their petitions for visitation under the paternity action in January 2012—over two months prior to the contested hearing. This court has noted that "[t]rial courts should be aware of the urgency of matters concerning child custody, support, visitation, CHINS, parental rights and the like. Accordingly, the proceedings and determinations concerning such matters are to receive expedited consideration." *Taylor v. Buehler*, 694 N.E.2d 1156, 1158 n.3 (Ind. Ct. App. 1998), *trans. denied*. Absent some affirmatively demonstrated reason for delay, the trial court had a duty to address the Grandparents' petitions in an expedited fashion—and, as explained above, Mother has not explained why additional delay was necessary or helpful to her defense. For all of these reasons, we cannot conclude that the

---

[2] Mother also cites *K.I. ex rel. J.I. v. J.H.*, 903 N.E.2d 453 (Ind. 2009), but only in an effort to distinguish it factually from the case at hand. The case provides no support for Mother's contention on appeal that the trial court somehow erred

6

trial court committed error when it held a contested hearing on Grandparents' petitions for visitation more than two months after they were initially filed and nineteen days after they were severed from the underlying paternity action.

3.

Finally, Mother argues that the trial court erred in denying her motion for change of judge. Ind. Trial Rule 76(B) provides in relevant part that "[i]n civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney." When a proper and timely motion for change of judge under T.R. 76(B) is filed, the trial court is divested of jurisdiction to take further action except to grant the motion. *City of Gary v. Enter. Trucking & Waste Hauling*, 846 N.E.2d 234 (Ind. Ct. App. 2006). T.R. 76(C), however, imposes a number of time limitations on the filing of such motions. One relevant time limitation is set forth in T.R. 76(C)(5), which provides that

> where a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county[.]

Here, the trial court denied Mother's motion for change of judge because "the request was not made by written application and was made beyond the time allowed by Trial Rule 76(C) to request a change of [judge] if a matter had been set for trial." *Appellant's Appendix*

---

by addressing the petitions for grandparent visitation in an expedited fashion.

at 3. Our review of the record supports the trial court's conclusion. The record indicates that Mother received advance notice of and appeared at the February 1, 2012 hearing, which was prior to the expiration of the date on which Mother could have sought a change of judge. *See* T.R. 76(C)(1). Although Mother has not provided us with a transcript of that hearing, it is undisputed that, on that date, the trial court scheduled a contested hearing on Grandparents' petitions for March 15, 2012. Mother has also failed to provide us with a copy of the Chronological Case Summary from the paternity action, but the record indicates that the trial court issued a written order on February 3, 2012, in which it stated that the Grandparents' petitions for visitation would be heard and determined at the March 15 hearing. We will therefore assume that the trial date was entered on the Chronological Case Summary by February 3, 2012. Thus, under T.R. 76(C)(5), because Mother did not file a written objection and request for change of judge within three days of the trial setting, she is deemed to have waived her right to request a change of judge.

Mother does not appear to argue that her T.R. 76 motion for change of judge was timely. Rather, she seems to argue that the time constraints set forth in the rule should not apply in this case because she had no mechanism available to request a change of judge on the petitions for grandparent visitation until they were severed from the paternity action. Mother's argument on this issue is rather undeveloped and is unsupported by citation to authority aside from T.R. 76 itself. The entirety of her argument is contained in the following two sentences:

> Had [Mother] requested to change judge before [Grandparents] filed
> their "new" action, she would have had to do it in [Father's] paternity action,

8

resulting in both the paternity action and presumably the grandparent visitation action moving to a different judicial officer.

While [Mother] had advance notice of the hearing setting (February 1, 2012), there is no mechanism available by which she could have sought to change judge of a single matter (the grandparent visitation issue) incorporated in a larger action (the father's paternity action).

*Appellant's Brief* at 8-9.

We find Mother's argument unconvincing. We see nothing in T.R. 76 that would have prevented Mother from filing a written request for change of judge within the time constraints set forth in the rule and, in that motion, requesting a change of judge on the grandparent visitation matter only. Likewise, we see no reason why Mother could not have alerted the trial court to the requirement that petitions for grandparent visitation are to be filed separately from paternity actions within the same time frame, whether in the written objection to the trial setting required by T.R. 76(C)(5), by filing a motion to dismiss, or otherwise. But here, despite receiving notice well over a month in advance, Mother waited until the eve of trial to bring the problem with Grandparents' petitions to the trial court's attention, and then sought to rely on that delay to extend the time period for requesting a change of judge—which would have caused even further delay. Under these facts and circumstances, we cannot conclude that the trial court erred in denying Mother's motion for change of judge as untimely.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.